**UNITED STATES of America**

v.

**Joseph Anthony FURST, Appellant.**

**No. 08–2750.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 29, 2009.

Filed: July 7, 2009.

George S. Leone, Esq., John F. Romano, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Joseph Anthony Furst, Minersville, PA, pro se.

BEFORE: FISHER, CHAGARES and COWEN, Circuit Judges.

OPINION

COWEN, Circuit Judge.

Joseph Anthony Furst appeals from his conviction and sentence for conspiracy to possess with intent to distribute methamphetamine under 21 U.S.C. § 846. His counsel has submitted a motion and brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certifying the absence of any non-frivolous issues on appeal. We conclude that counsel has fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a) and that an independent review of Furst's pro se brief as well as the record has failed to reveal any additional non-frivolous issues. We accordingly will grant defense counsel's motion to withdraw and will affirm the District Court's judgment.

I.

On June 12, 2007, Furst was charged in a superseding information with one count of conspiracy to possess with intent to distribute 5 grams or more of methamphetamine. On January 18, 2008, Furst entered a written plea agreement and completed an "Application for Permission to Enter Plea of Guilty." On the same day, the District Court conducted a plea hearing, and it ultimately accepted his plea of guilty.

It appears that Furst then had doubts about his guilty plea. According to his pro se brief, he "began having reservations about the plea because he 'didn't comprehend it when [the District Court was] going over it until that night.'" (Appellant's Pro Se Br. at 3a (quoting A159).) Reviewing the documentation at the detention center, he allegedly realized that the final agreement, which left open the question of drug quantity, was no better than the government's original plea offer, which would have required him to accept responsibility for 50 grams or more of methamphetamine. In addition, Furst took issue with an incident that occurred immediately before the plea hearing began. It appears that DEA Special Agent Reck presented him with a copy of a drawing made by Furst's 13–year old son, which had been found by the agent in an Internet search. Following another hearing, the District Court granted Furst's request for a new attorney, and his current counsel was appointed to represent him.

Although counsel believed that the guilty plea proceeding satisfied the applicable legal requirements, he successfully requested that the District Court approve the retention of a clinical and forensic psychologist named Dr. Gerald Cooke. Furst told Dr. Cooke that "[he] was no longer comprehending the stipulations and consequences of changing his plea but was filled with emotion about his son, and he was merely 'yessing' the judge in response to colloquy questions." (Appellant's Pro Se Br. at 3a (quoting A151).) In his written report, Dr. Cooke opined that Furst's intellectual and reading limitations would not preclude his ability to understand and comprehend what it means to enter a guilty plea. The psychologist similarly concluded that, while he suffered from chronic mild depression and anxiety, Furst's psychological problems did not appear to interfere with his functioning. Noting that Furst highlighted the incident with the agent, Dr. Cooke offered the following assessment:

.... However, his participation in reading and signing the various forms preceded that [incident], and the Judge's colloquy in large part was a reiteration of what was in those forms. Thus, this examiner does not see that Mr. Furst's

level of depression or anxiety would have precluded an understanding of either the forms themselves or the colloquy. It is my opinion that what has happened here is related to his personality dynamics as discussed above. That is, he tends to be insecure, to ruminate, to wonder whether he has made the right decision, and to be plagued by self-doubt. It is my opinion that his subsequent thought that he should withdraw the Guilty Plea is a function of those dynamics rather than any lack of comprehension or understanding at the time. Thus, it is my conclusion that there were no psychological or intellectual factors that would have interfered with his ability to understand and comprehend what he was doing when he entered a Guilty Plea.

(A155–A156.)

Following the submission of a presentence report ("PSR"), a rather lengthy sentencing hearing was conducted on June 13, 2008. After hearing testimony from Special Agent Reck, the District Court found that there was a "substantial factual basis" for the PSR's calculation of drug quantity and accordingly attributed 207.51 grams of methamphetamine and 488.6 grams of crystal methamphetamine to Furst. (A103.) Although the drug quantity called for a offense level of 36, the District Court lowered the offense level to 33 on account of a 3–point adjustment for acceptance of responsibility. The District Court further rejected the defense's criminal history assertions, explaining that category VI was amply warranted under the circumstances. It ultimately calculated the advisory Guidelines range as 235 to 293 months. After considering, inter alia, the arguments of the attorneys, the statements of Furst himself, and the 18 U.S.C.

§ 3553(a) factors, the District Court imposed a sentence of 264 months' imprisonment. Although still represented by counsel, Furst filed a pro se notice of appeal.

## II.

Our present inquiry involves two steps.[1] First, we must determine whether counsel's brief adequately fulfills the requirements of Third Circuit Local Appellate Rule 109.2(a). *See, e.g., United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). The *Anders* brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and ... explain[ed] why the issues are frivolous." *Id.* at 300 (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000)). Second, we must satisfy ourselves that an independent review of the record reveals no non-frivolous issues. *Id.* Where counsel's brief appears adequate, we generally confine our review to those parts of the record identified in the brief, along with the issues raised in the Appellant's pro se brief. *Id.* at 301.

We are satisfied that counsel's *Anders* brief demonstrates a thorough and conscientious examination of the record. He identifies three basic issues (discussed below), and he explains in some detail why each issue lacks merit. We therefore find that counsel has fulfilled his appellate obligations. Furthermore, our own independent review fails to disclose the existence of any non-frivolous issue, and we reach the same conclusion with respect to the arguments raised in the pro se brief itself.

█ Counsel's *Anders* brief initially raises the question of whether the plea hearing satisfied Federal Rule of Criminal Procedure 11. It appears that the District Court scrupulously followed the applicable

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

requirements by conducting a thorough colloquy with Furst. In particular, the various components of the plea agreement and its stipulations were summarized on the record for Furst's benefit, and he admitted to his own criminal misconduct. After conducting its extensive exchange with the defendant, the District Court unsurprisingly accepted the guilty plea.

Under the circumstances, the District Court properly determined that Furst knowingly and voluntarily pled guilty and that his plea was supported by an adequate factual basis. Any challenge to the guilty plea therefore must be rejected. *See, e.g., United States v. Lessner*, 498 F.3d 185, 192–98 (3d Cir.2007), *cert. denied*, — U.S. —, 128 S.Ct. 1677, 170 L.Ed.2d 358 (2008); *United States v. Schweitzer*, 454 F.3d 197, 202–03 (3d Cir. 2006). This includes the so-called "coercion" theory offered by Furst in his pro se brief. Furst claims that he was coerced into pleading guilty when, moments before the plea hearing began, Special Agent Reck handed him a drawing by his 13 year old son. According to Furst, this unsolicited action "implied a strong [and emotional] message: Plead guilty rather than take trial so that you can be with your son again." (Appellant's Pro Se Br. at 5.)

Even though unusual, we find nothing to support Furst's claim that merely handing him a drawing by his son somehow *coerced* him into entering a guilty plea. Even before the incident in question, Furst had evidently decided to plead guilty. A review of the subsequent colloquy reveals that he clearly understood the nature of the guilty plea proceeding and his various rights, wanted to plead guilty, admitted to his own criminal conduct, and had not been

the victim of threats or other forms of unlawful coercion. He even acknowledges that the psychologist concluded that " '[Furst's] subsequent thought that he should withdraw that Guilty Plea is a function of those dynamics [a tendency towards insecurity, rumination, and self-doubt] rather than any lack of comprehension [or] understanding at the time' " of the hearing itself. (Appellant's Pro Se Br. at 3b (quoting A156).) Furst takes issue with Dr. Cooke's report for its supposed failure to consider the propriety, ethics, or constitutional implications of the agent's conduct. But a psychologist would be in no position to address such legal questions. However, based on Dr. Cooke's analysis of the psychological effect of this incident, this Court has no hesitation in rejecting the legal theory of coercion as frivolous.

■ We likewise agree with counsel that any challenge to the sentencing hearing would be frivolous. The District Court engaged in the requisite sentencing analysis, and, after considering, inter alia, both the parties' arguments and the 18 U.S.C. § 3553(a) factors, imposed a manifestly reasonable sentence within the advisory Guidelines range. Counsel notes that Furst raised the issue of the proper standard of proof with respect to the disputed issue of drug quantity.[2] However, the District Court properly applied a preponderance of the evidence standard in determining the quantity of drugs for sentencing purposes. *See, e.g., United States v. Fisher*, 502 F.3d 293, 296–308 (3d Cir.2007), *cert. denied*, — U.S. —, 128 S.Ct. 1689, 170 L.Ed.2d 383 (2008); *United States v. Grier*, 475 F.3d 556, 561–65 (3d Cir.2007) (en banc); *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir.2006).

**2.** Furst does not expressly address this standard of proof argument in his pro se brief. He, however, did appear to raise this theory in a prior pro se submission, which we construed as a motion for appointment of new counsel. We denied his motion on October 27, 2008.

Furst raises a number of additional issues with respect to his sentencing. We nevertheless find his various theories to be totally devoid of merit. Initially, he claims that his guilty plea was constructively amended by the District Court when it improperly relied on the plea agreement stipulations of a co-conspirator regarding drug quantity and disregarded the stipulations made in Furst's own plea agreement. The District Court's actions allegedly "rendered defendant's plea unknowingly and unintelligently entered into." (Appellant's Pro Se Br. at 5b.)

The plea agreement left open the question of drug quantity, merely establishing a floor of 5 grams of methamphetamine. It provided that the various stipulations "cannot and do[ ] not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties." (Appellant's Pro Se Br. Ex. at 3.) Furst also agreed that the sentencing determination rests with the sole discretion of the sentencing judge, who could impose any reasonable sentence up to the statutory maximum. In addition to the co-conspirator's own stipulations, the District Court properly relied on a number of other considerations to determine that the PSR's drug quantity calculation (resulting in an offense level of 36 that was then reduced to 33 on account of Furst's acceptance of responsibility) was in fact supported by a sufficient factual basis.[3]

Finally, Furst contends that the sentence was unreasonable "in light of an upward variance based on factors already considered in the statute, and based on material misrepresentations made by the prosecutor." (Appellant's Pro Se Br. at 5b.) In particular, he takes issue with the District Court's determination "that the defendant must take responsibility for the drugs in McLaren's backpack which are 'poisoning our community.'"[4] (Appellant's Pro Se Br. at 5b (quoting A134).) Nevertheless, there was no apparent upward variance based on this consideration, and the District Court instead relied on this notion to justify a sentence within the otherwise applicable Guidelines range. Furthermore, the prosecutor evidently made no misrepresentation in her sentencing arguments, and, in any case, there is no indication that the District Court relied on any such misstatements in its careful and thorough sentencing ruling.[5]

### III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

---

3. In fact, the District Court added that it would have imposed the same sentence even if it had arrived at a lower offense level.

4. This individual was convicted and sentencing for possessing methamphetamine that he had previously stolen from the residence of Furst's co-conspirator.

5. In his pro se motion for appointment of new counsel, Furst evidently asserted that his current counsel provided ineffective assistance. However, as we noted in denying this motion, ineffectiveness of counsel claims are generally not reviewable on direct appeal. *See, e.g., United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir.2003). Instead, such claims are typically considered in a subsequent collateral proceeding. *Id.*